**PRICE LAW GROUP, APC**
Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
Attorneys for Plaintiff,
Donald Flewellyn

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DONALD FLEWELLYN,** | **Civil Action No.:** |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **MACY'S/DEPARTMENT STORES NATIONAL BANK** | **(Unlawful Debt Collection Practices)** |
| Defendants. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Donald Flewellyn ("Plaintiff"), through his attorneys, alleges the following against Defendant, Macy's/Department Stores National Bank. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among

other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Texas Fair Debt Collection Practices Act ("TFDCPA"), TEX. FIN. CODE 392, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Plaintiff resides in the State of Texas, and therefore, personal jurisdiction is established.

4. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Midlothian, Ellis County, Texas.

7. Plaintiff is a consumer as defined by the TFDCPA, TEX. FIN. CODE 392.001(1).

8. Defendant is a ''debt collector'' as defined by the TFDCPA, TEX. FIN. CODE 392.001(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt from Plaintiff.

11. In or around March 7, 2017, Defendant began placing calls to Plaintiff's cellular telephone number (214) 681-1294 in an attempt to collect an alleged debt.

12. The cellular telephone is a work phone provided by Mr. Flewellyn's employer.

13. Mr. Flewellyn has complete control over the cellular telephone and maintains possession of the cellular telephone while he is at work and home.

14. A number of the incoming calls came from 513-754-9863, 513-573-8717, 513-754-9822, 513-573-8031, 513-754-9822, 513-573-7975, 513-552-7378 and 513-573-8028; upon information and belief, these numbers are owned or operated by Defendant.

15. On or about April 9, 2017 at 2:51 p.m., Mr. Flewellyn answered a call from Defendant, on his cellular telephone, originating from 513-552-7378.

Plaintiff heard a pause before the representative began to speak, indicating the use of an Automated Telephone Dialing System.

16. Plaintiff spoke with a representative of Defendants and was informed that it was attempting to collect a debt. During the call, Mr. Flewellyn asked for calls to his cell phone to cease.

17. Despite Plaintiff having unequivocally revoking consent to be contacted, Defendant continued to call Plaintiff on his cellular phone.

18. On April 10, 2017 at 7:56 p.m., Mr. Flewellyn answered a second call from Defendant, on his cellular telephone, originating from 513-573-8031. Plaintiff heard a pause before the representative began to speak, indicating the use of an Automated Telephone Dialing System.

19. Plaintiff spoke with a representative of Defendants and was informed that it was attempting to collect a debt. During the call, Mr. Flewellyn asked for calls to his cell phone to cease.

20. Despite his second request, Defendant continued to call Plaintiff's cellular phone.

21. Between April 7, 2017 and May 6, 2017, Mr. Flewellyn was called no less than ninety-one (91) times after having unequivocally revoked consent to be contacted on his cellular phone.

22. Defendant would call Plaintiff on his cellular telephone five (5) to six (6) times a day.

23. Most of the incessant calls placed by Defendant were made while Mr. Flewellyn was at work.

24. While at work, Mr. Flewellyn must keep the phone in his possession at all times, which made the harassing calls disruptive to his work day and limited his ability to effectively perform his duties as a regional facilities administrator.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## **COUNT I**
### **(Violations of the TCPA, 47 U.S.C. § 227)**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express

consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

28. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### COUNT II
**(Violations of the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392)**

29. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

30. Defendant violated the TFDCPA.  Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Tex. Fin. Code 392.302(4) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

   b. Defendant violated Tex. Fin. Code 392.302(2) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances; and

   c. Defendant violated Tex. Fin. Code 392.303 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Tex. Fin. Code 392.303 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

  ii. Defendant violated TEX. FIN. CODE 392.303by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

  iii. Defendant violated TEX. FIN. CODE 392.303by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

  iv. Defendant violated TEX. FIN. CODE 392.303 by violating 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

31. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of the foregoing violations of the TFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the TFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, Donald Flewellyn, respectfully requests judgment be entered against Defendant, Macy's/Department Stores National Bank, for the following:

A. Injunctive relief pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(1);

B. Actual damages pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(2);

C. Costs and reasonable attorneys' fees pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(2)(b);

D. No less than $100.00 per violation of this chapter pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(2)(b); and

E. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: August 14, 2017      By: */s/ Stuart M. Price*

Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
Attorneys for Plaintiff,
Donald Flewellyn